IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LLOYD E. ALLEN, § | | |
| TDCJ #780449, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-06-2393 |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| Respondent.[1] § | | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Lloyd E. Allen, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"), has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction. He has also filed a motion for leave to proceed *in forma pauperis*. For reasons that follow, it appears that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Accordingly, the petitioner is ordered to show cause within **thirty days** why this case should not be dismissed.

**I.     BACKGROUND**

According to the petition, Allen pled guilty in state court cause number 720491 to felony charges of injury to a child. On March 17, 1997, the 339th District Court of Harris

---

[1] The petition lists TDCJ Executive Director Brad Livingston as the respondent. Because Allen is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division, the Court substitutes Director Nathaniel Quarterman as the proper respondent.

County, Texas, found Allen guilty as charged and sentenced him to serve ten years in prison. Allen did not appeal.[2]

Allen filed the pending federal petition for a writ of habeas corpus on June 30, 2006.[3] In this petition, Allen complains as follows: (1) his guilty plea was unknowingly made: (2) his conviction was obtained as the result of a coerced confession; (3) his conviction was obtained in violation of the privilege against self-incrimination; and (4) he was denied effective assistance of counsel. As discussed further below, the Court finds that his petition is subject to dismissal because it is barred by the applicable one-year statute of limitations.

## II.   THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[2]   Allen indicates that he is also presently serving a sentence imposed by another district court in Texas on February 8, 2001. He provides no further details and he does not challenge that conviction here.

[3]   The petition was received by the Clerk's Office for the United States District Court for the Northern District of Texas, Amarillo Division, on July 11, 2006, and promptly transferred here. The petition is dated June 30, 2006, indicating that Allen placed his pleadings in the prison mail system on that same day. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). According to 28 U.S.C. § 2244(d)(2), statutory tolling of the limitations period is available for the time during which a properly filed "state post-conviction or other collateral review with respect to the pertinent judgment or claim[.]" In other words, the time during which a properly filed application for "state post-conviction or other collateral review" is pending shall not count toward the limitation period found in § 2244(d)(1).

    Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*,

163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).  A district court may dismiss a petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond.  *See Day v. McDonough*, — U.S. —, 126 S. Ct. 1675, 1684 (2006).

Because Allen challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Allen pled guilty and received a ten-year prison sentence on March 17, 1997.  Although he did not file an appeal, his time to do so expired thirty days later on or about April 11, 1997.  *See* TEX. R. APP. P. 26.2(a)(1).  That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on April 11, 1998.  Allen's pending federal habeas corpus petition, filed on June 30, 2006, is well outside the limitations period and is therefore time-barred unless the petitioner can show that a statutory or equitable exception applies.

### III.  CONCLUSION AND ORDER TO SHOW CAUSE

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Doc. #2) is **GRANTED**.

2. The petitioner must show cause in writing within **thirty days** of the date of this order why this case should not be dismissed as barred by the governing statute of limitations.

**The petitioner is admonished that his failure to comply as directed will result in the dismissal of this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **July 20, 2006.**

_____
Nancy F. Atlas
United States District Judge